**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**ROBERT D. WHEELER,**

    **Petitioner,**

    v.                                                         Case No. 12-C-351

**MARK HIESE**
**Classification Chief;**
**ANGELA HANSEN**
**Sector Chief;**
**MELISSA KARPINSKI**
**Classification Specialist;**
**WISCONSIN DEPARTMENT OF CORRECTIONS; and**
**RACINE CORRECTIONAL INSTITUTION;**

    **Respondents.**

---

**DECISION AND ORDER**

---

The pro se Petitioner, Robert D. Wheeler ("Wheeler"), who is incarcerated at Racine Correctional Institute ("RCI"), filed a petition for a writ of mandamus against the Respondents, Mark Hiese, Classification Chief for the RCI Bureau of Classification and Movement ("BC&M"); Angela Hansen ("Hansen"), Sector Chief; Melissa Karpinski ("Karpinski"), Classification Specialist for the RCI BC&M; the Wisconsin Department of Corrections ("DOC"); and, the RCI. Subsequently, he filed an amended petition for a writ of mandamus. The amended petition relies on exhibits that Wheeler filed with his original petition for a writ of mandamus.

This matter comes before the Court on Wheeler's petition to proceed *in forma pauperis*. Wheeler is required to pay the statutory filing fee of $350.00 for this action. *See* 28 U.S.C. § 1915(b)(1); *In re Buddhi*, 658 F.3d 740, 741 (7th Cir. 2011); *In re Grant*, 635 F.3d 1227, 1230 (D.C. Cir. 2011).

If a prisoner does not have the money to pay the filing fee, he can request leave to proceed *in forma pauperis*. Wheeler has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his petition, as required under 28 U.S.C. § 1915(a)(2), and has been assessed and paid an initial partial filing fee of $11.77.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a Respondent who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although

2

sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, Wheeler is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for Wheeler to plead specific facts and his statement need only "give the [respondent] fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The Complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual

3

allegations, the Court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* The Court is obliged to give Wheeler's pro se allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Wheeler requests a writ of mandamus compelling Karpinski, Hiese, and Hanson to perform various acts. As the basis for his mandamus petition, Wheeler asserts that the Respondents have failed to allow him entry into the Earned Release Program ("ERP"), and that he has exhausted his administrative and state court remedies. He seeks an "alternative writ of mandamus" commanding Karpinski, Hiese, and Hanson to produce: (1) the policy or Wisconsin statute that allows them to "deviate" from the Judgments of Conviction that he claims require his placement in ERP; and, (2) the Wisconsin statute that defines "concurrent." Additionally, Wheeler asks the Court to compel Karpinski, Hiese, and Hansen to place him in the ERP at the earliest possible date, and to require his placement in the ERP at a different correctional institution to avoid any retaliatory practices by the Respondents. Wheeler also requests damages of at least $100.00 against the Respondents, court fees and other costs, and $200,000.00 in punitive damages pursuant to Wis. Stat. § 19.37(2) through (4).

Pursuant to federal statute, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. To secure mandamus relief, a petitioner must allege three elements: "(1) a clear right to the relief sought;

4

(2) that the defendant has a duty to do the act in question; and (3) no other adequate remedy is available." *Iddir v. I.N.S.*, 301 F.3d 492, 499 (7th Cir. 2002) (citing *Scalise v. Thornburgh*, 891 F.2d 640, 648 (7th Cir. 1989)). District courts do not have jurisdiction to issue a mandamus against state officials for violating their duties under state law. *See Coniston Corp. v. Vill. of Hoffman Estates*, 844 F.2d 461, 469 (7th Cir. 1988). *See also, Davis v. Lansing*, 851 F.2d 72, 74 (2d Cir. 1988) (stating "[t]he federal courts have no general power to compel action by state officials[.]"); *Van Sickle v. Holloway*, 791 F.2d 1431, 1436 n. 5 (10th Cir. 1986); *Moye v. Clerk, DeKalb Cnty. Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973); *Haggard v. State of Tenn.*, 421 F.2d 1384, 1386 (6th Cir. 1970). Because this Court lacks jurisdiction over Wheeler's petition for a writ of mandamus, this action is dismissed without prejudice.

**NOW, THEREFORE, IT IS HEREBY ORDERED**

Wheeler's motion for leave to proceed *in forma pauperis* is **GRANTED**.

Wheeler's action is **DISMISSED** for lack of jurisdiction.

The Secretary of the Wisconsin Department of Corrections or his designee must collect from the Petitioner's prison trust account the $338.23 balance of the filing fee by collecting monthly payments from the Petitioner's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments must be clearly identified by the case name and number assigned to this action.

The Clerk of Court is **DIRECTED** to enter judgment accordingly.

The Clerk of Court is directed to send copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

It is also **CERTIFIED** that any appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless Wheeler offers bonafide arguments supporting his appeal.

Dated at Milwaukee, Wisconsin, this 6th day of June 2012.

_____
**Rudolph T. Randa**
**United States District Judge**